## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**SHERRY LOHDEN,**

**Plaintiff**

**v.**                                                            **Civil Action No.**
                                                                   **3:06CV24-J**

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                                   **Defendant**

## <u>MEMORANDUM OPINION</u>

This case presents plaintiff Sherry Lohden's challenge to the decision of the

Commissioner denying her minor child's claim to Supplemental Security Income payments.

After examining the materials of record, the arguments of the parties and the applicable

authorities, the Court is of the opinion that the decision should be vacated and the matter

remanded for further proceedings.

The Welfare Reform Act amended certain provisions of Title XVI of the Social Security

Act relating to SSI applications by children. The Act provides: "An individual under the age of

18 shall be considered disabled for purposes of this title if that individual has a medically

determinable physical or mental impairment which results in marked and severe functional

limitations, and which can be expected to result in death, or which has lasted, or can be expected

to last for a continuous period of not less than 12 months."  Welfare Reform Act, Title II,

Subtitle B, § 211(a)(4) (1996), 42 U.S.C. § 1382c(a)(3)(C)(I).

The SSA promulgated final rules implementing this provision. The rules establish a three

1

step sequential evaluation for determining disability. The SSA will consider (1) whether the child is working; (2) whether the child has a medically determinable severe impairment which is expected to result in death, has lasted or is expected to last for a continuous period of not less than 12 months and, if so, (3) whether the impairment or combination of impairments meets, medically equals, or functionally equals the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2000) (the "Listings"). 20 C.F.R. § 416.924 (2000).

SSA regulations also set forth methods that may be used to determine whether an impairment is functionally equivalent to a Listing, including consideration of whether the child's impairment affects six domains or "broad areas of development or functioning" set forth in the regulations. 20 C.F.R. § 416.926a(b)(1)- (b)(4) (2000).  An impairment is functionally equivalent to a Listing if the child has an extreme limitation in one domain, or a marked limitation in two domains. 20 C.F.R. § 416.926a(b)(2).   We are required to accord considerable weight to the agency's construction of statutes it administers.  Chevron U.S.A., Inc. v. National Resources Defense Council, Inc., 467 U.S. 837 (1984).

Plaintiff filed application on July 28, 2003, alleging disability since April 4, 2003.  After a hearing, the Administrative Law Judge ("ALJ") determined that the child, who was born March 17, 1990, suffered from attention deficit disorder, depressive disorder, bi-polar disorder, and an oppositional defiant disorder.  Although the ALJ determined that the minor had "marked" limitation in the domain of "attending and completing tasks," he did not have an "extreme" limitation in any domain of functioning or a "marked" limitation in two domains.

The first issue presented arises from the fact that the record includes only some of the minor's psychiatric and counseling records.  Standing on either side of a line, the parties duel

2

with strong legal principles.  Plaintiff lunges with the declaration that the Commissioner has the obligation to develop the record, a principle well-established and supported by citation of authority.  On the other side, Defendant parries with the declaration that the burden lies with a claimant to establish disability, a principle equally well-established and supported by citation of authority.  Can it be that these clear principles are actually at odds?  The Court is of the opinion that both are alive and well and that they do not go head-to-head, at least in this case.

When available records indicate that an impairment exists, but the information available is inadequate to establish its severity, the ALJ has the obligation to obtain consults to develop the record.  Similarly, when the information available indicates a condition that is subject to change, but recent information is not available (often because of financial inability to continue treatment), the ALJ has the obligation to obtain consults to develop the record.  Neither such circumstance exists in this case.  Asked whether any additional testing or reports were needed, the medical expert replied, "I don't think so.  It doesn't sound as if the situation is very much different than it was when Dr. [Catt] saw him for a consultative examination in October of '03." Tr. 185.  Plaintiff has offered nothing to suggest that this assessment was inaccurate.

The most likely arena for collision of the "duty to develop" versus "burden of proof" principles is when the claimant is both unrepresented and mentally impaired.  That circumstance does not exist in this case.  Not only is the claim being pursued by the mother of the claimant, but plaintiff was represented at the hearing by counsel (a different attorney from appellate counsel.  It is quite puzzling that the representative did not either obtain the records or ask the assistance of the ALJ in obtaining those records.  The attorney was aware of what exhibits were in the record and had no objection.  Tr. 169. Neither did the attorney ask to hold the record open

3

to obtain further information (Tr. 203) or offer additional exhibits at the Appeals Council level (Tr. 9).   Plaintiff does not indicate that there is in those records specific significant information that might have resulted in a different decision.   In short, there is nothing to indicate that the missing records contained important information different from what was available to the ALJ, and the Court finds no error in the ALJ's treatment of this matter.

Plaintiff next argues that the Commissioner erred in failing to find that the minor's impairments satisfied the requirements of the Listings.   The claimant bears the burden of proving that a Listing is met.  Burress v. Secretary, 835 F.2d 139 (6th Cir. 1987).   To do this, the claimant must present specific medical information to satisfy all of the Listing criteria.   20 C.F.R. Sec. 416.925.   Listings are to be interpreted very strictly, and the plaintiff must establish the existence of all elements of the Listing.  Foster v. Halter, 279 F.3d 348 (6th Cir. 2001),  Hale v. Secretary, 816 F.2d 1078 (6th Cir. 1987).

Plaintiff contends the record includes lay evidence from which the ALJ could have found the Listing met.  The Commissioner points out that the record includes two professional opinions that the Listing was not satisfied.  Tr. 137 and 157.  The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Mullen v. Bowen, 800 F.2d 535, 545 (6 th Cir.1986). Significantly, under this standard, this Court is not to resolve conflicts in evidence. See  Garner v. Heckler, 745 F.2d 383, 387-88 (6th Cir.1984).  The Court finds no legal error.

Finally, plaintiff argues that the ALJ erred in failing to develop and analyze the evidence

4

relating to Domains One (acquiring and using information) and Three (interacting and relating
with others).  With respect to the first domain, the ALJ supported his "less than 'marked'"
conclusion by pointing to the evidence of adequate intellectual performance: The minor had an
average fund of knowledge, exhibited an age-appropriate capacity for abstract thinking, and he
scored in the low-average intellectual range on the standardized intellectual test administered by
Dr. Catt.  Tr. 152.  With respect to the third domain, the ALJ relied on the minor's own
testimony that he has friends and on evidence indicating that the minor had good rapport with
Dr. Catt and with his counselor.

Plaintiff argues that the ALJ should have demonstrated that he had considered the teacher
reports, and, if he rejected them, should have stated reasons therefor.  The September 4, 2003,
teacher report is rather confusing, in that the team checked "No problems observed" in the first
domain, but then proceeded to detail the problems that had been observed, including that the
minor had difficulty understanding instructions and had serious problems learning new material
and applying previously learned material.  Tr. 87.   Similarly, the team marked "No problems
observed" in the third domain, but proceeded to detail "serious problems" in four of the thirteen
specified areas.  Tr. 89.  This was undoubtedly confusing for the reviewing professionals as well
as for the ALJ.

The February 10, 2005 teacher report stated that the minor was not passing eighth grade,
that he was non-compliant and verbally abusive with adults, and that he does not interact with
other students: "Because he does not smile, talk or interact with others, he doesn't have problems
with other students.  This is not typical adolescent behavior."  Tr. 132.   This contrasts starkly
with the minor's July 6, 2005 testimony that he like going to school to see his friends, that

"probably about half the school" were his friends, and that he wanted to go to Liberty School because about four or five of his "good friends" were going there.  Tr. 178-179.  This discrepancy is of particular significance in light of the fact that Dr. Catt's conclusions regarding the minor's interactions and relationships with others was necessarily reliant on the claimant's report.

As set out above, child disability is established by a showing of "marked" limitations in two or more of the six specified domains.  The ALJ found "marked" limitation in the "Attending and Completing Tasks" domain.  Tr. 17.   The absence of discussion and the confusing nature of the teachers' reports means that it is not possible to determine whether substantial evidence supports the ALJ's findings of "less than marked" limitations in the "Acquiring and Using Information" and Interacting and Relating With Others" domains.  Therefore, it is necessary to remand this matter for further proceedings.